MATTER OF BUKOWSKA

In DEPORTATION Proceedings

A-12213022

*Decided by Board August 24, 1962*

While respondent, a native and citizen of Poland, might be unable to obtain employment as a teacher in Poland because of her refusal to abandon her religious beliefs and to join the Communist Party, physical persecution under section 243(h) of the Immigration and Nationality Act is not established since she is a trained typist and the record fails to establish that she would be unable to obtain employment in other areas of the economic life of Poland.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Nonimmigrant, remained longer than permitted.

The appeal is from the special inquiry officer's denial of the respondent's application for withholding of deportation to Poland under section 243(h) of the Immigration and Nationality Act. The special inquiry officer found respondent deportable on the ground stated above and granted her voluntary departure with the proviso that she be deported to Poland if she failed to depart voluntarily. The appeal will be dismissed.

Respondent, a 28-year-old divorcee, a native and citizen of Poland, was admitted to the United States as a visitor on October 6, 1961, for a period to end on December 9, 1961. Three days after her entry, she took employment as a nurse's assistant. She was apprehended on November 24, 1961; a statement was taken from her; she was placed under deportation proceedings by the issuance of an Order to Show Cause on January 8, 1962. No issue is taken with the finding of deportability. Respondent requests that she be permitted to remain in the United States under section 243(h) of the Immigration and Nationality Act because she will face physical persecution if she is returned to Poland.

The facts, based upon statements made by the respondent, have been fully set forth by the special inquiry officer. Briefly, the respondent

married in 1954; a son was born about 1955. Respondent had 11 years of elementary school and four years of lyceum. In September 1955 she was given a job as a substitute teacher in an elementary school. Although there was a shortage of teachers, she was not given a permanent job because of her refusal to join the Communist Party. She refused to join the Party because, as a Communist Party member, she could not have continued to attend church as it was her custom to do. Respondent attended church while teaching although she was asked to stop because, in the eyes of the party, she was setting a bad example to the children. Although asked by the party to teach the children that religion is superstition and that the Soviet Union is the best friend of Poland, she could not bring herself to do so. In 1958 she was given training for a year at a teachers college. She graduated and continued teaching until June 1961. At this time she was asked to join the Communist Party; upon her refusal she was dismissed from her teaching job.

Respondent applied for a Polish passport in January 1961 since she planned to come to the United States. She was not issued one until June 15, 1961. In the interval between the time of her application and the time of issuance, she was subjected to questioning concerning her reason for leaving Poland and her reason for refusal to join the Communist Party. She left Poland in August of 1961. The passport was extended in the United States on January 29, 1962, to June 9, 1963.

While teaching respondent belonged to the teachers union. She never joined the Communist Party. Respondent was trained to be a typist. She could not secure employment as a typist while she was a substitute teacher because of a prohibition against holding more than one job. For a short period of time, before she became a teacher, she was employed as an assistant to a clerk.

Respondent continued to attend church until immediately prior to coming to the United States. She was never arrested. No member of her family had been arrested while she was in Poland. Respondent was divorced in 1958 and received custody of her son, now six years of age. The son resides with her parents in Poland and receives support from her. Respondent's father is not employed in Poland and cannot obtain employment because he is opposed to the Communist regime. Government officials have made inquiry of her parents concerning her failure to return to Poland and her parents have advised her not to return.

Respondent alleges that if she is returned to Poland, she would be put in jail immediately and she could not get any other employment. The basis for this belief is her personal knowledge of conditions in Poland and the fact that local Communist Party officials were after

her constantly to join the Communist Party. She is convinced that she will be unable to obtain any employment in Poland because of the suspicion with which she is regarded for her failure to join the Party and because priority in hiring is given to those who are Party members.

The respondent in a pre-hearing statement on November 24, 1961, stated she was "willing and able to go to Poland from the United States voluntarily by paying her own expenses." While she stated she did not wish to return to Poland on the next crossing of a boat leaving for Poland, the implication is given that she would not object to leaving on another crossing (Ex. 2). At the hearing, respondent stated she did not understand the question and that she never wanted to return to Poland (p. 26).

In deciding that respondent would not be faced with physical persecution in Poland, the special inquiry officer took administrative notice of the fact that about only one out of every 30 persons in Poland is a member of the Communist Party, that respondent did not occupy a position of prominence in Poland and that while in the United States she had not engaged in political activity against the Polish Government. The special inquiry officer concluded that respondent might be unable to obtain a teaching position if she is returned to Poland, and that while a complete withdrawal of employment opportunities would constitute physical persecution, the record did not establish that such a bar would be applied to respondent.

In deciding that respondent has not established that she will be faced with physical persecution in Poland, we note that she has not been subjected to physical persecution despite her religious beliefs and her refusal to join the Communist Party, that she was regularly employed from the time she was 21 in a sensitive area, she was given advanced training, and she was permitted to leave Poland for the United States.

While it may well be that respondent will be unable to obtain employment as a teacher because of her refusal to abandon religious beliefs and her refusal to join the Communist Party, the record fails to establish that she, a trained typist, will not be able to obtain employment in other areas of the economic life of Poland. Her belief that she will be unable to obtain employment must be measured by the fact that before she lost her employment as a teacher, she had applied for a passport to come to the United States indicating to some extent a lack of interest in securing immediate employment, and by the fact that she did come to the United States within about two months after obtaining her passport. Moreover, some issue is raised as to respondent's credibility by reason of the coincidence between the date respondent became free to come to the United States (June 1961 when she received her passport) and the date her employment ended. Further-

more, it appears odd that if respondent was questioned at length from January to June 1961, as she testified she had been, that she would have been issued a passport at the same time she was either discharged or about to be discharged from her employment as a teacher because of her attitude to the Party.

Our decision that respondent's return to Poland would not result in physical persecution is based upon facts of record only. However, under the authority contained in 8 CFR 242.17(c) (Supp. 1962) providing that information not of record may be utilized under certain circumstances, we, out of an abundance of caution, and to insure that all available information concerning the possibility of physical persecution would be considered, have examined certain confidential information the disclosure of which would in our opinion be prejudicial to the interests of the United States. This information of a general nature relating to living and political conditions in Poland which would affect deportees to Poland, collected by officials of the Government in carrying on their assigned duties and transmitted to the Board through official channels through another Government agency, has been carefully considered. We find nothing in it which would establish that our conclusion based upon the record is erroneous.

Respondent's representative contends that since refugees and escapees from Poland are being admitted to the United States, the respondent should be considered in this category because of the persecution she suffered in attempting to maintain her political and religious beliefs and that she should therefore be permitted to remain in the United States utilizing the provisions of section 243(h) of the Act. Whether or not the respondent is a refugee-escapee within the Act of July 14, 1960, as amended, (74 Stat. 504) is not a matter for determination in this proceeding (8 CFR 212.5(b) (Supp. 1962)).

The respondent's representative contends that under the regulations relief under section 243(h) of the Act is granted only after an order of deportation has been entered, and that no order of deportation having been entered against respondent, the adjudication of the application filed under section 243(h) is premature. Respondent has been found deportable and the application for relief under section 243(h) of the Act was properly considered (8 CFR 242.17(c)(d) (Supp. 1962)). The appeal must be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.